BENJAMIN LINCOLN *vs.* DANIEL GALLAGHER.

Washington.   Opinion February 28, 1887.

*Sales.   Delivery.   Shipping.*

An owner who, at a place distant from Portland, sells a vessel to be delivered at Portland, should deliver the vessel in some reasonable and suitable place at wharf or dock in Portland, provided such place, after notice to him, be indicated by the purchaser. But if the purchaser refuse to provide such place, a delivery may be tendered at safe and usual anchorage in the harbor.

The seller would be obliged to afford the purchaser an opportunity to examine the vessel before acceptance, but not to incur such an unusual expense to himself as would be involved in hauling the vessel into dry dock and making a delivery there.

ON exceptions.

This was an action of assumpsit for damages on a breach of contract for the purchase and sale of thirty-five sixty-fourths of the schooner Annie Gus of Dennysville, Maine.

The defence was that the schooner was not delivered by plaintiff to defendant in a reasonable time, and that the defendant had no opportunity to examine the vessel in order to see that she was in good order as stipulated in the contract.

Writ was dated March 20, 1885.

The case was tried at the January term, A. D., 1886, in and for the county of Washington, and a verdict rendered for the plaintiff.

*Thomas L. Talbot*, for the plaintiff cited: Benj. Sales, (2 Am. ed.) § 645; *Isherwood* v. *Whitmore*, 11 M. & W. 347.

*John F. Lynch*, for defendant.

The plaintiff was bound to give the defendant an opportunity to examine the vessel so that the defendant could satisfy himself whether she was in good order and condition in accordance with the terms of sale. No valid delivery could be made until such opportunity was given. See Benj. on Sales, p. 650, § 695.

There can be no acceptance and actual receipt of goods within the statute unless the vendee has had an opportunity of judging whether the goods sent corresponds with the order. *Hunt* v. *Hecht*, 8 Exch. 814.

PETERS, C. J. It was said in *Howard* v. *Miner*, 20 Maine, 330, that on a contract for the delivery of specific articles which are ponderous or cumbrous, when it is not designated in the contract, and there is nothing in the condition and situation of the parties to determine the place of delivery, it is the privilege of the creditor to name a reasonable and suitable one; that the debtor should request the creditor to select the place, and if the creditor fails to do so, the debtor may appoint the place.

In the case at bar a vessel was purchased on the eastern coast somewhere, to be delivered to the buyer in Portland. Had the defendant provided a suitable place at some dock or wharf, which could have been reached by the use of reasonable exertion, the

delivery should have been made there. The purchaser, after notice, failing to provide a place, we think the seller would be justified in tendering a delivery at safe anchorage in the harbor. He should not be required to go to special expenses to himself to obtain a place at the wharf or upon the shore.

By the bill of exceptions, examined with the judge's charge, we find that a controversy arose between the parties over the requirement of the purchaser that the seller should go to the expense himself of placing the vessel in a dry dock in order that the seller could there examine her. There was some reason to suspect that the vessel had been ashore on her voyage to Portland, and the purchaser desired an inspection to see whether she had escaped injury or not.

There can be no doubt that, in offering delivery, the seller was under obligation to afford an opportunity to the purchaser to make the examination. But any expenses to be incurred thereby, beyond what would be necessary in putting the vessel in a proper place for delivery, would fall upon the buyer and not upon him. The seller was under no obligation to incur any unusual expense. He could not be called upon to place the vessel in a dry dock. He tenders the property as sound, according to the agreement under which he acted. The buyer must accept or reject it at his risk. Benj. Sales, § 695. *Croninger* v. *Crocker*, 62 N. Y. 151.

*Exceptions overruled.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.